Hillsborough,
No. 5570.

In re Anna F. Cross Estate.

Argued March 8, 1967.
Decided April 28, 1967.

*Earl F. Nauss, Jr.* ( of Massachusetts ) ( by brief and orally ), pro se, as a residuary legatee under wills of Fred D. Cross and Anna F. Cross.

*Joseph P. Whelton,* guardian ad litem, filed no brief.

*Robert Danais,* Director of Charitable Trusts ( by brief and orally ), pro se.

KENISON, C. J. The essence of the questions certified to us under RSA 547:30 is whether as a matter of New Hampshire law Anna Cross effectively renounced and disclaimed within a reasonable time the powers granted to her under article fourth of the will of her brother Fred Cross to invade, consume and dispose of the principal of the residue of his estate. We conclude that she did and accordingly the answer to both certified questions is in the affirmative.

The interest that Anna received under article fourth of her brother's will, clauses A, B, C and E was obviously more than a conventional life estate. *Quinn* v. *Tuttle,* 104 N. H. 1. Inasmuch as she had the power to invade, consume and dispose of the principal of the residue to herself or others it was the equivalent

of a general power of appointment. *Belford* v. *Olson*, 94 N. H. 278; *Shapleigh* v. *Shapleigh*, 69 N. H. 577; *In re Segal Estate*, 107 N. H. 120. However clause D of article fourth of the will makes it clear that the appointment of trustee thereunder restricts her interest to receiving income with no power to invade, consume or dispose of the principal. This clause of the will explicitly limits distribution of prinicpal to her in the discretion of the appointed trustee. When Anna requested the appointment of a trustee which the probate court granted, she rejected the power to invade, consume or dispose of the principal. This constituted a renunciation and disclaimer of any general power of appointment she had under the will. *Coleman* v. *Burns*, 103 N. H. 313, 316; *Bradley* v. *State*, 100 N. H. 232, 236; *Perry* v. *Hale*, 44 N. H. 363.

In order for a renunciation to be effective it must occur within a reasonable time after the death of the testator. *Oliver* v. *Wells*, 254 N. Y. 451; *Coleman* v. *Burns, supra.* In *Weston* v. *Society*, 79 N. H. 245, 247, it was observed that a life tenant with a power to consume and dispose cannot exercise his power until claims against the estate have been settled. In the present case claims against the estate of Fred D. Cross could be brought on or before August 13, 1958. The trustee was appointed by the probate court on August 14, 1958, the first day there could be no further claims against the estate. RSA 556:1, 3, 5. Therefore the renunciation by Anna was within a reasonable time, when the trustee was appointed under clause D of the will on August 14, 1958.

Seven years ago we held that appellate state court decisions in the construction of wills and the interpretation of state statutes regulating the devolution of property had binding effect for federal tax purposes where the proceedings "are truly adversary in character." *In re Barnhart Estate*, 102 N. H. 519, 522; *Freuler* v. *Helvering*, 291 U. S. 35; *Blair* v. *Commissioner*, 300 U. S. 5; *Sharp* v. *Commissioner*, 303 U. S. 624. As of this date the *Barnhart* decision is still good law although there is substantial conflict among the federal circuits. Braverman & Gerson, The Conclusiveness of State Court Decrees in Federal Tax Litigation, 17 Tax L. Rev. 545 ( 1962 ); Holzman, Impact of State Law Upon Federal Taxation, 42 Taxes 240 ( 1964 ); 10 Merten's, Law of Federal Income Taxation, *s.* 61.03 ( Zimet Rev. 1964 ); Note, Effect of State Court Decrees in Federal Tax Litigation:

A proposal for Judicial Reform, 30 U. Chi. L. Rev. 569 ( 1963 ). The divided opinion in *C.I.R.* v. *Estate of Bosch,* 363 F. 2d 1009 ( 2d Cir. 1966 ) points up some of the arguments for and against the existing rule. See 41 N. Y. U. L. Rev. 1007 ( 1966 ); Casner, Estate Planning, *p.* 844, n. 123a ( 1966 Supp ). Certiorari has been granted in this case and further light may be forthcoming in the near future. 5 Rabkin & Johnson, Federal Income, Gift and Estate Taxation, *s.* 71.08 ( 1967 Supp ). However our decision must be here and now and we have no hesitation in holding that a decision of the highest court of a state construing a will in a proceeding which is "truly adversary in character" ( *In re Barnhart Estate,* 102 N. H. 519, 522 ) — as is this case — is entitled to binding recognition by the parties and the tax gatherers alike. Richter, Effect of State Court Interpretation of Wills, N. Y. U. 24th Annual Inst. on Federal Taxation 257 ( 1966 ). See *In re Bushway Estate,* 107 N. H. 135, 138.

*Remanded.*

All concurred.