THE CONNECTICUT BANK AND TRUST COMPANY, COEXECUTOR AND COTRUSTEE (ESTATE OF SAMUEL COHEN), ET AL. *v.* IDA R. COHEN ET AL.

SUPERIOR COURT     HARTFORD COUNTY     FILE No. 150046

Memorandum filed July 17, 1967

*Rogin, Nassau, Caplan & Lassman,* of Hartford, for the named plaintiff.

*Robert L. Krechevsky,* of Hartford, for the defendants.

*Reid & Riege,* of Hartford, pro se as guardian ad litem for the unnamed and unborn beneficiaries.

PARSKEY, J. This is a suit for construction of the will of Samuel Cohen, deceased, brought by his executors and testamentary trustees. The question posed to the court is whether under clause fourth, subdivision one, the decedent's widow is given a general or special power of appointment. It is claimed that without a determination of this question the plaintiffs are faced with uncertainties in the administration of the estate, the plaintiff executors with respect to the federal estate tax, the plaintiff trustees with respect to the investment plan for the trust corpus.

Although none of the parties has addressed himself to the question of the propriety of the instant action, the court cannot ignore this threshold issue. Suits for construction of a will are not favored; *Crosby* v. *Mason,* 32 Conn. 482, 484 (1865); because they have a tendency to produce an unnecessary multiplication of parties and a depletion of the decedent's estate. *Jacobs* v. *Button,* 79 Conn. 360, 366 (1906). A suit for construction will be entertained only when the advice or direction of the

Superior Court is necessary for the protection of the fiduciary in the administration of his testamentary trust. *Rockwell* v. *Bradshaw,* 67 Conn. 8, 14 (1895); *Belfield* v. *Booth,* 63 Conn. 299, 309 (1893). In the light of these guidelines, does the present case fall within or without the zone of judicial audibility?

The plaintiff executors claim that judicial construction of the widow's power of appointment is essential because of a pending dispute with the internal revenue service concerning the federal estate tax. The director of internal revenue, it appears, has levied a deficiency assessment of approximately $64,000, claiming that the estate could not claim a marital deduction because in clause fourth, subdivision one, the widow was given a special power of appointment. The executors claim that this clause gives the widow a general power of appointment and that if this court were to so rule the internal revenue service would be bound by such construction. If such claim were valid, there might be merit in the plaintiffs' claim for relief. Unfortunately, a decision at the trial court level is of no binding consequence in a case of this nature. *Commissioner of Internal Revenue* v. *Estate of Bosch,* 387 U.S. 456, 465 (1967). One gains the impression from *Bosch* that in the tax field state trial court decisions do little more than titillate the federal funny bone. This being so, where no independent reason exists for the construction of the clause in question, the court would not be justified in giving the requested advice where even a favorable construction would serve merely as an amicus brief in federal proceedings. This result does not leave the executors helpless. If they are satisfied that the director of internal revenue is in error, they can, of course, pursue their judicial remedies in the federal courts, with the

assurance that any decision at the federal level would be definitive.

The claim of the plaintiff trustees is obscure. They assert that their investment plan for the trust will be affected in the absence of a judicial construction of the clause in question. If by this they mean that without the marital deduction they will have some $64,000 less to invest, then they are merely stating a truism. Their investment powers are not affected in any respect whatever by the character of the widow's power of appointment. The court is persuaded that the plaintiff trustees do not make even a colorable showing for advice.

There remains to consider the claim for some $3100 in counsel fees. Because of the view which the court takes of this case, this claim must be denied. Although the court is satisfied that the present suit was instituted in good faith, for the court to allow counsel fees would produce the very depletion of the estate that a denial of the plaintiffs' claim is supposed to prevent.

Enter judgment accordingly.