Strafford Probate Court,
No. 6212.

## In re Arthur F. Tibbetts Estate.

April 30, 1971.

*George Findell, Jr.* by brief and orally for Charles A. Tibbetts, executor.

Kenison, C.J. The sole question raised in this case is the construction of the simultaneous death clause contained in the will of Arthur F. Tibbetts, and more specifically the determination under that clause of the time at which the property interest of the legatees is no longer terminable.

Arthur F. Tibbetts died on February 25, 1969. He was survived

by his wife, Martha L. Tibbetts, and his son, Chester A. Tibbetts. Article sixth of his will provided that if the death of either Martha Tibbetts or Chester Tibbetts followed that of the testator "so closely that he or she has not had the actual enjoyment of the bequests and devises provided" that his or her interest would pass to the survivor.

This case is before us as a prerequisite to a final accounting and a decree of distribution by the probate court and because the allowance or disallowance of the marital deduction under the Federal Internal Revenue Code appears to turn upon the construction of this clause under state law, as determined by the highest court of this State. *Commissioner* v. *Estate of Bosch*, 387 U.S. 456, 18 L. Ed. 2d 886, 87 S. Ct. 1776 ( 1967 ); *In re Cross Estate*, 108 N.H. 134, 229 A.2d 170 ( 1967 ).

Sections 2056( b )( 1 ) and 2056( b )( 3 ) of the Internal Revenue Code disallow any marital deduction of a property interest passing to the surviving spouse which may terminate upon the lapse of time or the occurrence or nonoccurrence of an event or contingency. However, the deduction is allowed where the sole contingency upon which the property interest may terminate is the death of the surviving spouse, if the contingency is so limited that the property interest can only terminate, if at all, within six months of the testator's death. Upon notification by the Internal Revenue Service that in light of the simultaneous death clause of the decedent's will the marital deduction would not be allowed, the executor petitioned the probate court for an interpretation of the will.

Pursuant to RSA 547:30, the Probate Court ( *Galanes*, J. ) certified the following question to this court: "At what point in time, subsequent to the death of the Testator, under the simultaneous death clause of Article Sixth of the Will, do the survivors acquire their respective property interests?"

Article Sixth provides, "In the event that either my beloved wife, Martha L. Tibbetts, or my son, Chester A. Tibbetts, should predecease me, or that she and I or he and I should die together, or even if it positively appear that he or she survive me, yet if his or her death follows mine so closely that he or she has not had the actual enjoyment of the bequests and devises provided for him or her in this will, then this will shall be construed as though he or she died before me, and in either of said events I give, bequeath and devise my entire estate, real, personal and mixed, to the survivor of them. "

We note that the will, dated March 28, 1942, was drafted before the provisions pertaining to the marital deduction were first added to the Internal Revenue Code in 1948. Act of April 2, 1948, Ch. 168, Tit. III, Part II, Subpart 2, 62 Stat. 110. We are aware of no case in this or other jurisdictions interpreting a testamentary provision substantially similar to that in article sixth. *See* Annot., 173 A.L.R. 1254 ( 1948 ).

The executor argues that Martha or Chester Tibbetts' "actual enjoyment" of the bequests provided by the decedent is too subjective a standard to be used by this court in determining the effect of article sixth, and that the court must therefore interpret the article as providing for the termination of the son's or wife's interest if their death follows that of the testator within a "reasonable" time. The executor further argues that thirty days is a reasonable time to allow for the operation of this clause. These arguments ask this court to do too much under the name of will construction in order to affect federal taxation. Browne and Hinkle, Tax Effects of Non-Tax Litigation: *Bosch* and Beyond, N.Y.U. 27th Inst. on Fed. Tax. 1415 ( 1969 ).

By the phrase "[having] the actual enjoyment of the bequests and devises" the testator meant having the present beneficial use of the bequests and devises. We believe that the testator intended to provide for the termination of the property interest of his surviving spouse or son in the event that either of them died before they had the opportunity to make use, as they saw fit, of their inheritance. So interpreted, article sixth is similar to will provisions providing for termination of a property interest if the spouse dies before the estate is administered or distributed. *See, e.g., U.S.* v. *Mappes,* 318 F.2d 508 ( 10th Cir. 1963 ); *Farrell* v. *U.S.,* 198 F. Supp. 461 ( S.D. Cal. 1961 ); 4 Rabkin & Johnson, Federal Income, Gift and Estate Taxation *s.* 53.05( 6 ) ( 1970 ).

*Remanded.*

GRIMES, J., did not sit; the others concurred.