293 S.C. 456 (1987)
361 S.E.2d 615
FIRST UNION NATIONAL BANK OF SOUTH CAROLINA and Jack J. Wright, as Trustees of the Residuary Trust established under Item VII of the Will of John M. O'Dowd, Appellants-Respondents
v.
William Arthur CISA, individually and as representative of a class of such of the great-grandchildren of John M. O'Dowd and the lineal descendants of such great-grandchildren and all other persons whose names are unknown, born and unborn, as are or shall become beneficiaries of the Residuary Trust established under Item VII of the Will of John M. O'Dowd, Appellant-Respondent, and Vernon Z. Bridges, Jr.; Ann Elizabeth B. Knoll; Laura Lynn O'Dowd McCants; Ann Elizabeth O'Dowd McLean; Frances Christine O'Dowd Hills; Connie Michael Bridges Morton; Frances St. George O'Dowd; John H. O'Dowd, Jr.; Karen St. George O'Dowd Cisa; Michael Edward O'Dowd; Susan Emily Bridges Williamson and Verna Brodie, Respondents-Appellants.
22786
Supreme Court of South Carolina.
Heard June 10, 1987.
Decided October 26, 1987.
*457 Albert L. Moses, of Sherrill & Townsend, Columbia, for appellants-respondents First Union Nat. Bank of South Carolina and Jack J. Wright.
Robert P. Wilkins, Lexington, for appellant-respondent, William Arthur Cisa.
*458 David M. Adams, Charleston, for respondents-appellants.
Heard June 10, 1987.
Decided Oct. 26, 1987.
FINNEY, Justice:
Appellants commenced this action seeking a declaratory judgment with respect to the application of South Carolina law upon John M. O'Dowd's Last Will and Testament and the residuary trust. S.C. Code Ann. § 15-53-10, et seq. (1976). Specifically, appellants ask this Court to determine whether, under the will of John M. O'Dowd (Mr. O'Dowd) and South Carolina law, Mrs. Elizabeth A. O'Dowd (Mrs. O'Dowd) had the power to participate in decisions to distribute residuary trust income or principal to herself. The trial court held that Mrs. O'Dowd was prohibited by the common law of South Carolina from participating as a trustee in the residuary trust with respect to distributions of trust income and principal to herself. The trial court further concluded that it was not Mr. O'Dowd's intent that Mrs. O'Dowd have the right to act as a trustee to participate in decisions to distribute income and principal to herself. We affirm.
Plaintiffs-appellants are the residuary trustees (trustees) of the residuary trust established in Mr. O'Dowd's will. The defendants in this action are beneficiaries of the trust and are divided into two groups. One group is referred to as the "current beneficiaries" (defendants-respondents) and receive trust benefits. The second group consists of the remaining minor, unborn and/or unknown beneficiaries and is referred to as the "minor beneficiaries" (defendant-appellant).
Mr. O'Dowd's will established two trusts  a marital trust and a residuary trust. Plaintiffs-appellants, along with Mrs. O'Dowd, were named as co-trustees of the residuary trust. Upon Mr. O'Dowd's death, property passing to the marital trust qualified for the marital deduction. The property passing to the residuary trust was subject to approximately $400,000 in federal and state estate taxes, which were paid by the executors.
Mrs. O'Dowd died on January 19, 1983, and her executors timely filed state and federal estate tax returns and paid the *459 appropriate estate taxes. Three years later, the Internal Revenue Service (IRS) audited Mrs. O'Dowd's federal estate tax return and issued a deficiency notice. The IRS asserts that upon Mrs. O'Dowd's death, the residuary trust assets were subject to an additional tax as part of her estate because of her right as trustee to participate in decisions relating to distributions from the residuary trust to herself as beneficiary. See, I.R.C. § 2041 (1986). The IRS also ruled that under its interpretation of South Carolina law and the language of Mr. O'Dowd's will, there was no impediment to Mrs. O'Dowd's receipt of distributions from the residuary trust. In sum, the IRS held that Mrs. O'Dowd's power to participate as trustee and her right to receive trust principal and income resulted in an additional tax being imposed upon the residuary trust.
The IRS's tax assessment is directed to the executors of Mrs. O'Dowd's estate because they are obligated to pay the estate tax. Despite the executors' obligation to pay the additional tax, they have the right to reimbursement for tax payments from the trustees under federal and state statutes. Mrs. O'Dowd's executors have asserted the right of reimbursement against the trustees in the event they are required to pay the assessed estate taxes. Upon receipt of the demand for reimbursement, the residuary trustees informed the current beneficiaries that the bulk of the residuary trust's assets (and the income therefrom) would be placed in a reserve fund to cover the reimbursement demanded by the executors.
The current beneficiaries then notified the residuary trustees that the IRS's assessment was in error and that the residuary trustees should not create a reserve. These beneficiaries also asserted that even if such reimbursement were proper, the residuary trustees have a duty to maintain the standard of living of the current beneficiaries through substantial encroachments on principal not held as a reserve.
In order to resolve the conflict, the residuary trustees sought an interpretation of the will by the courts and for instruction as to whether a reserve fund should be created. The trial court ruled that under South Carolina common law and under the terms of the will, Mrs. O'Dowd, as a residuary trustee, did not have the right to participate in decisions *460 relating to the residuary trust distributions to herself. It also ruled that Mr. O'Dowd did not intend for Mrs. O'Dowd, as a residuary trustee, to participate in administering the trust proceeds to herself. Finally, the trial court held that the language of Mr. O'Dowd's will evinces his intent that Mrs. O'Dowd was to receive residuary trust distributions only if certain circumstances occurred; and in fact, none of the qualifying conditions transpired during her lifetime. The trial court did not rule on the question of whether the residuary trustees were entitled to establish a reserve for the potential liability to Mrs. O'Dowd's executors or on the current beneficiaries' assertion that the residuary trustees had a duty to make substantial encroachments on the residuary trust principal for their benefit. The court concluded that these questions became moot by its prior rulings.
Appellants appeal the trial court's judgment seeking this Court's determination of the testator's intent under the will and the application of South Carolina law upon the will and the residuary trust. In Commissioner v. Estate of Bosch, 387 U.S. 456, 87 S.Ct. 1776, 18 L.Ed. (2d) 886 (1967), the Supreme Court held that federal tax authorities and the federal courts are not bound by a lower court's decision interpreting state law, but shall merely give such a decision "proper regard." Id. There was discussion during oral argument as to whether or not this matter was a case or controversy over which this Court had jurisdiction because the litigants appeared to be closely aligned with one another. The highest courts of North Carolina, Massachusetts, Connecticut, Pennsylvania and California, however, have allowed appeals of this nature. See, Bank v. Goode, 298 N.C. 485, 259 S.E. (2d) 288 (1979); In re Dana v. Gring, 374 Mass. 109, 371 N.E. (2d) 755 (1977); Babson v. Babson, 374 Mass. 96, 371 N.E. (2d) 430 (1977); Gimbel v. Gimbel Foundation, Inc., 166 Conn. 21, 347 A. (2d) 81, 84 (1974); Connor v. Hart, 157 Conn. 265, 253 A. (2d) 9. 12 (1968); In re Tibbetts' Estate, 111 N.H. 172, 276 A. (2d) 919 (1971); Worchester County Nat'l Bank v. King, 359 Mass. 231, 268 N.E. (2d) 838, 840 (1971); cf., In re Estate of Merrick, 443 Pa. 388, 275 A. (2d) 18, 22-23 (1971); Wakefield v. Wakefield, 258 Cal. App. (2d) 274, 65 Cal. Rptr. 664, 667, n. 6 (1968); Connecticut Bank and Trusts Co. v. Cohen, 27 Conn. Supp. 138, 232 A. (2d) 337, 338-39 (1967).
*461 Because the parties in the instant action seek a judicial determination of rights, we are of the opinion that the underlying purposes of the adversarial system have been met. See, Dana v. Gring, supra. Thus, we conclude that it is appropriate for us to decide the merits and render declaratory relief that turns on state law in this case.
The trial court concluded that under the common law of South Carolina, Mrs. O'Dowd was prohibited from participating in any decisions as a trustee to distribute residuary trust income and principal to herself as a beneficiary. See e.g., S.C. Code Ann. § 62-7-301, et seq. (1987); see also, A. Scott, Trusts, Sections 170 and 194 (3d ed. 1967); G. Bogert, Trusts, 129 (2d ed. 1965); In re Dana v. Gring, supra; Garfield, et al., v. U.S., 80-2 U.S.T.C. p. 13, 381 (U.S. Dist. Ct. Mass. 1980) [Available on WESTLAW, DCT database]; Finlay, et al., v. U.S., 752 F. (2d) 246 (6th Cir.1985); Rev. Rul. 82-63, 1982 C.B. 135. We agree.
In the case of In re Hale's Trust 292 S.C. 308, 356 S.E. (2d) 138 (1987), W.R. Hale, Sr., the settlor of an irrevocable trust, attempted to name his daughter, Hilda, a successor trustee after the trust had been created. Hilda was one of several beneficiaries of the trust. The South Carolina Court of Appeals held that the purported appointment was ineffective (no power to amend having been reserved to the settlor), that such appointment of a successor trustee could only have been accomplished by a proper court, and the daughter was not eligible for appointment because:
A trustee must exclude all selfish interest in his dealings on behalf of the beneficiaries of the trust. Cartee v. Lesley, 290 S.C. 333, 350 S.E. (2d) 388 (1986). Consequently, it is generally undesirable for one of the beneficiaries of a trust to act as trustee, since he is thereby put in a position to favor himself at the expense of the other beneficiaries. Yates v. Yates, 255 Ill. 66, 99 N.E. 360 (1912); Selleck v. Hawley, 331 Mo. 1038, 56 S.W. (2d) 387 (1932).
In re Hale's Trust, supra, 356 S.E. (2d) 144-145.
Likewise, for Mrs. O'Dowd to have participated as a trustee in decisions relating to the distribution of income and principal from the residuary trust to herself would have *462 put her in a position to favor herself at the expense of the other beneficiaries. Such a restriction does not preclude a beneficiary from serving as a trustee. However, under the principles of trust law, the trustee-beneficiary is required to refrain from taking actions which it cannot exclude all selfish interest from affecting. See, In re Hale's Trust, supra. Under the circumstances, Mrs. O'Dowd's participation in the trust would have been a breach of her fiduciary duty of loyalty to and impartiality among the trust beneficiaries. Therefore, we conclude that the law prohibited her from such participation.
The next issue is whether Mr. O'Dowd intended in his will that Mrs. O'Dowd should not have the right to participate in decisions regarding the distribution of income and principal to herself. Mr. O'Dowd's residuary trust makes numerous references to his "trustees" in close proximity to references to his wife. For example, Item VII(b) of the residuary trust states, "My Trustees may pay ... to ... a class composed of my beloved wife ..." and "I wish to impress upon my Trustees... that my primary objective to provide for my wife's comfort ..." and "... I have conferred upon my trustees the power to apportion the income ... among a class of which she is a member ..."
The question essentially is whether, when Mr. O'Dowd authorized the trustees in his residuary trust to take certain actions, he intended to include his wife as a person authorized to act in such matters as a trustee. While the use of the unqualified term "trustees" arguably would include his wife, the references to his wife in her beneficiary capacity in the same sentence is an argument to the contrary. A similar question arose in the case of Dana v. Gring, supra. There the court held that a daughter (Gring), a trustee-beneficiary, was not included in a reference to the trustees in the trust instrument. The court stated in pertinent part:
The trust terms authorize the trustees "at any time that my said daughter may request, or without such request when the other trustees may deem it advisable, to pay over to her ... such amounts of the principal ... as said Trustees may deem necessary or desirable." The I.R.S. argues that the only reasonable interpretation of the provision is that "said Trustees" refers to all trustees, *463 including Gring. The plaintiffs concede that the language of the trust is susceptible to this construction, but contend that a contrary interpretation is possible and should be favored in this case. We agree.
First, a conclusion that the words "said Trustees" refer only to the "other Trustees" and not to Gring is consistent with the fiduciary concepts discussed above. Second, in that the distribution of trust principal to the trustee-beneficiary could only be made with the approval of the independent trustees, 3 (sic) A. Scott, Trusts, § 194 (3rd ed. 1967), a decision would be of no practical advantage to her. Thus a construction of this clause which finds that Gring was able to participate in such decisions would favor the tax authorities and no one else. The propriety of such a construction is not to be lightly presumed. "It would be a rare case in which... an ambiguity in a will should be resolved by attributing to the testator an intention which as a practical matter is likely to benefit the taxing authorities and no one else." Putnam v. Putnam, 366 Mass. 261, 316 N.E. (2d) 729, 737 (1934).
Dana v. Gring, 371 N.E. (2d) at 761.
The language of the residuary trust in which Mr. O'Dowd referred to the "trustees" and to his wife in the same clause creates an ambiguity as to whether the term "trustees" included his wife. We conclude that to construe the term "trustees," as used in the residuary trust, to include Mrs. O'Dowd would be contrary to the common law of South Carolina and does not express the testator's true intent. It is also unreasonable to presume that Mr. O'Dowd intended to give his wife power to participate in decisions concerning distributions to herself, when the exercise of such power would constitute a breach of fiduciary duty on her part. For these reasons, this Court concludes that Mr. O'Dowd did not intend that Mrs. O'Dowd have the power to take part in decisions regarding distributions of income and principal to herself and, in fact, vested no such authority in her.
Furthermore, based upon other provisions of the will, we are of the opinion that Mr. O'Dowd did not intend that Mrs. O'Dowd receive distributions of income and principal from *464 the residuary trust, except under certain specified circumstances, none of which occurred during her lifetime. Mr. O'Dowd noted in Item VII(c) of the residuary trust that it was probable that Mrs. O'Dowd would not need all of the income of the trust, and it was possible she would need none of the principal. He urged his trustees not to make distributions of income and principal to her so long as any principal remained in the marital trust he had created exclusively for her benefit. He empowered his trustees to completely exclude any member of the class from receipt of any principal and income. He also directed the trustees to consider whether making distributions to augment the estate of the recipient-beneficiary was desirable. Augmenting Mrs. O'Dowd's estate when she had not exhausted the marital trust corpus would have been undesirable. Mr. O'Dowd surmised that Mrs. O'Dowd would have a substantial estate and that she would not, under ordinary circumstances, be eligible to receive residuary trust distributions.
Finally, we conclude that it is not necessary that we rule on the propriety of the trustees' activities in reimbursing the executors for any federal and state estate taxes paid in the federal estate tax proceedings, the establishment of a reserve for the potential liability to the executors, limiting or eliminating income distributions to the beneficiaries from the assets held as a reserve pending final determinations in the estate tax proceedings, and limiting principal distributions to the beneficiaries from the assets not held as a reserve.
Accordingly, we affirm the decision of the circuit court.
Affirmed.
NESS, C.J., GREGORY and HARWELL, JJ., and LITTLEJOHN, Acting Associate Justice, concur.