IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 129,332

In the Matter of the Common-Law Marriage of
EDWIN W. KELLEY and MARY V. (GERLT) KELLEY.

SYLLABUS BY THE COURT

1.

The Kansas Supreme Court has jurisdiction to review a district court determination that a couple had a common-law marital relationship and to either approve or disapprove that determination.

2.

The essential elements of a common-law marriage in Kansas are: (1) capacity of the parties to marry; (2) a present marriage agreement between the parties; and (3) a holding out of each other as husband and wife to the public.

3.

The party asserting a common-law or consensual marriage bears the burden of proving the existence of the marriage.

Appeal from Wyandotte District Court; TIMOTHY L. DUPREE, judge. Submitted without oral argument January 29, 2026. Opinion filed February 27, 2026. Affirmed.

*David C. Graham,* of Kansas City, was on the brief for appellants.

No other parties appear.

1

The opinion of the court was delivered by

STANDRIDGE, J.:  The Wyandotte District Court granted an uncontested petition brought by Edwin W. Kelley and Mary V. (Gerlt) Kelley seeking judicial confirmation of their common-law marital relationship and Mary's resulting name change. In this uncontested appeal, Edwin and Mary ask us to affirm the district court's ruling.

Ordinarily, appellate courts lack jurisdiction to review cases that lack adverse parties. *In re Marvin S. Robinson Charitable Trust*, 317 Kan. 492, 494, 531 P.3d 1224 (2023). But under United States Supreme Court precedent, federal courts and agencies are not bound by lower state court decisions on issues of state law and will only defer to decisions of a state's highest court. See *Commissioner v. Estate of Bosch*, 387 U.S. 456, 465, 87 S. Ct. 1776, 18 L. Ed. 2d 886 (1967). As a result, we agreed to review the district court's order. See *In re Estate of Keller*, 273 Kan. 981, 985-86, 46 P.3d 1135 (2002) ("States have responded to *Bosch* by considering appeals where no adverse parties were involved and where the appellants asked the court to affirm the lower court."). For the reasons set forth in this opinion, we affirm the district court's judgment.

*Facts and procedural background*

On September 18, 2022, Edwin and Mary were married during an unlicensed wedding ceremony in Washington state with an officiant and immediate family members in attendance. On November 13, 2022, Edwin and Mary held a wedding reception to celebrate their marriage with family and friends in Kansas City, Kansas, where they currently reside. Invitations to the event referenced the couple's September wedding.

After the wedding ceremony, Edwin and Mary began living together and started introducing and presenting themselves as a married couple in public and on social media. Family members, friends, and business associates consider them to be a married couple.

They have joint bank accounts, file joint taxes, and are listed as husband and wife on their automobile insurance policies. Edwin is listed as Mary's spouse on her employer-provided health insurance policy.

Since the wedding, Mary has referred to herself as Mary Kelley. She uses the last name Kelley in public, on social media, and signs her business emails as Mary Kelley. But several government agencies and other organizations have refused to acknowledge Mary's name change. She has been unable to change her name on bank accounts, health insurance, credit cards, and utility bills because they require a government-issued identification listing her new name. And without a marriage license or other legal document, Mary cannot obtain a driver's license or a social security card with her new name.

To remedy these issues, Edwin and Mary filed a petition for declaratory judgment on February 25, 2025, seeking recognition that they are lawfully married to each other in a valid common-law marriage and that Mary lawfully changed her surname to Kelley.

The district court held an evidentiary hearing, where Edwin and Mary testified and presented evidence, including additional testimony from family members and friends. No witnesses or parties appeared to oppose the petition. At the conclusion of the hearing, the court declared that Edwin and Mary "are in fact married" based on the clear and overwhelming evidence that they had met the requirements of a common-law marriage. To that end, the court found: (1) Edwin and Mary had a present marriage agreement between themselves on September 18, 2022; (2) they had the capacity to marry when they made that agreement; and (3) since September 18, 2022, they have been and continue holding out each other as husband and wife to the public. The court also granted Mary's request to legally change her surname to Kelley.

Thereafter, Edwin and Mary filed a notice of appeal with the Court of Appeals which stated:

> "This appeal is for certification purposes only based on the grounds that . . . the IRS and federal courts are not bound by lower state court decisions but must instead merely give those decisions proper regard. On matters of state law, deference is given to decisions rendered by the state's highest court. *In re Estate of Keller*, 273 Kan. 981, 985-986, 46 P.3d 1135 (2002), citing *Commissioner v. Estate of Bosch*, 387 U.S. 456, 465 [87 S. Ct. 1776, 18 L. Ed. 2d 886] (1967)."

After the appeal was docketed with the Court of Appeals, we granted the appellants' motion to transfer the case under Kansas Supreme Court Rule 8.02 (2025 Kan. S. Ct. R. 54).

*Confirmation of the Kelley marriage and Mary's name change*

Edwin and Mary ask us to affirm the district court's ruling that they met the requirements of a common-law marriage and its decision to grant Mary's request to legally change her surname to Kelley.

We have jurisdiction to consider this uncontested appeal because, as reflected in the notice of appeal, the United States Supreme Court has held that the Internal Revenue Service and federal courts are not bound by lower state court decisions. On matters of state law, only decisions rendered by the state's highest court are controlling. See *Bosch*, 387 U.S. at 465. Thus, an appeal is necessary to give a ruling in this kind of case legal effect on federal courts and agencies. We may therefore approve or disapprove the district court's determination that a common-law marriage exists and that Mary has legally changed her surname. See *In re Common-Law Marriage of Heidkamp and Ritter*, 317 Kan. 125, 127-28, 526 P.3d 669 (2023).

"Common-law marriage establishes a legally cognizable status that does not depend on religious or civil ceremony for its validity but is created by the consent of the parties." 317 Kan. at 128 (citing Feighny, *Common Law Marriage: Civil Contract or "Carnal Commerce"*, 70 J.K.B.A. 20, 21 [April 2001]). Kansas has long recognized the validity of common-law marriage. See *State v. Walker*, 36 Kan. 297, Syl., 13 P. 279 (1887) ("The mutual present assent to immediate marriage, by persons capable of assuming that relation, is sufficient to constitute marriage at common law."); *State v. Hughes*, 35 Kan. 626, 629, 12 P. 28 (1886) ("[T]he weight of authority and the better reason support the proposition that the acts and declarations of the parties, coupled with cohabitation, are competent evidence to go to the jury in proof of marriage.").

The essential elements of a common-law marriage are: (1) capacity of the parties to marry; (2) a present marriage agreement between the parties; and (3) a holding out of each other as husband and wife to the public. *Driscoll v. Driscoll*, 220 Kan. 225, 227, 552 P.2d 629 (1976). The party asserting a common-law marriage bears the burden of proving the existence of the marriage. 220 Kan. at 227.

The district court found, based on undisputed evidence, that Edwin and Mary had established the elements necessary to prove the existence of a common-law marriage and that Mary had legally changed her surname. We review the district court's findings to determine whether they are supported by substantial competent evidence. See *Heidkamp and Ritter*, 317 Kan. at 128-29 ("If the district court's findings are supported by substantial competent evidence and the court properly applied the rules, this court will affirm the district court."). Substantial competent evidence refers to legal and relevant evidence that a reasonable person could accept as being adequate to support a conclusion. *Granados v. Wilson*, 317 Kan. 34, 41, 523 P.3d 501 (2023).

Based on our review of the record, we hold the evidence supports the district court's findings and conclusions that Edwin and Mary established the elements necessary

5

to prove the existence of a common-law marriage and that Mary legally changed her surname. On September 18, 2022, Edwin and Mary agreed to be married in a wedding ceremony. On that date, they were both over the age of 18, they were not married to anyone else, and they demonstrated the mental capacity to enter into a marital relationship. Since that time, they have presented themselves to the public as a married couple, and the public considers them to be a married couple. They have conducted their personal, business, and financial affairs in a manner consistent with a marital relationship. Mary refers to herself as Mary Kelley and uses the last name Kelley in public, on social media, and in her business emails.

We agree with the district court's findings and conclusions confirming the existence of a common-law marriage between Edwin and Mary, and Mary's legal surname change to Kelley.

The district court's judgment is affirmed.

LUCKERT, J., not participating.

6